NO.
12-10-00113-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RAFAEL
VILLEGAS,                                       §                 APPEAL FROM
THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Rafael Villegas appeals his
conviction for felony driving while intoxicated, for which he was sentenced to
imprisonment for five years.  Appellant’s counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.

 

Background

Appellant
was charged by indictment with felony driving while intoxicated and pleaded
“guilty.”  The matter proceeded to a jury trial on punishment.  Ultimately, the
jury assessed Appellant’s punishment at imprisonment for five years.  The trial
court sentenced Appellant accordingly, and this appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State. Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant=s brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any
arguable issues for appeal.[1]  We have
likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for leave to
withdraw.  See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration
with the merits.  Having done so and finding no reversible error, Appellant=s counsel=s motion for leave to withdraw is
hereby granted and the appeal is dismissed.

            As
a result of our disposition of this case, Appellant’s counsel has a duty to,
within five days of the date of this opinion, send a copy of the opinion and
judgment to Appellant and advise him of his right to file a petition for
discretionary review.  See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review on his behalf or he must file a petition for discretionary
review pro se.  Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this court. See Tex. R. App. P. 68.2.  Any petition for discretionary review
must be filed with this court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any
petition for discretionary review should comply with the requirements of Texas
Rule of Appellate Procedure 68.4.  See In re Schulman, 252 S.W.3d
at 408 n.22.

Opinion delivered June 22, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
Counsel for Appellant states in his motion to withdraw that he provided
Appellant with a copy of this brief.  Appellant was given time to file his own
brief in this cause.  The time for filing such a brief has expired and no pro
se brief in compliance with the Texas Rules of Appellate Procedure has been
filed.